*Kinney & Ballou* and *W. R. Castle*, for plaintiff.

*A. S. Hartwell* and *Thurston & Stanley*, for defendant.

---

HALIEKA SQUIRES, FRANCES E. JACKSON and ANDREW P. JACKSON, her husband, *v.* GASPAR SYLVA.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 2, 1896.       DECIDED SEPTEMBER 28, 1896.

FREAR AND WHITING, JJ., AND J. Q. WOOD, ESQ., OF THE BAR, IN PLACE OF JUDD, C.J., DISQUALIFIED.

Exceptions to findings of fact of a trial justice overruled, the findings not being clearly contrary to the evidence.

OPINION OF THE COURT BY J. Q. WOOD, Esq.

This case of ejectment originally came before Mr. Chief Justice Judd, jury being waived, and a decision for the plaintiffs was given. Exceptions to this decision were duly taken by the defendant on the ground that the findings of fact in favor of the plaintiffs were contrary to the evidence and the weight of the evidence.

The question is simply one of boundary. The plaintiffs' lands were surveyed in 1850, the defendant's in 1853. The Papa Grant, land of defendant's, was surveyed by J. S. Emerson, Senior, and upon this survey was based the grant. This grant calls for a strip of land beginning at the southwest corner of Emerson's Grant (240) and extending 100 chains southwesterly, 10 chains northwesterly, 100 chains northeasterly, and 10 chains southeasterly to the starting point.

The exact point of starting in this survey is a vital one. Where did Mr. Emersòn begin? The plaintiffs put in evidence the field notes of Emerson, Senior. These notes are as follows: "Begun at William's (meaning Wm. S. Emerson's lot, Royal Patent No. 240) S. W. bound., from thence laid off for Papa (Royal Patent No. 1784) one lot of 10 chains (meaning a lot ten chains wide) to a gray stone on pali, ranged from pile of stones on plain between two bluffs."

With these notes Mr. Rowell, a surveyor who testified. for the plaintiffs, attempted to get the southerly boundary of the plaintiffs' land which is the northerly boundary of the defendant's land. He says that he discovered a grey rock, that he could see it from the sea, that it was prominent and that by running the course north from the sea he struck this grey rock and that there was a stone wall in the course ranged from this grey rock to Grant 240, the Emerson Grant. He also states that the distance from the grey rock to the sea is 5 or 6 chains more than the grant calls for.

Mr. Monsarrat, a surveyor who testified for the defendant, discovered a different grey rock but not until he had located it, and then it was discovered to be in the same line as the Rowell grey rock, ranged from the sea to the pali. He started from the road as a base line and followed the metes and bounds in the patents. However, he failed to locate the back line of the Papa Grant, so that there is nothing in his testimony to show that the distance from the grey rock to the back line of the Papa land is 100 chains as called for by the patent.

Mr. Gay, another surveyor for the defendant, stated that his grey rock, the same as located by Monsarrat, was visible and that this was the only grey rock visible. He followed a line from the sea 80 chains until he struck Kalepeamoa and from this point ran a line parallel to the government road. From the map prepared by Mr. Rowell, a line run from this point parallel to the government road would not strike any grey rock, but would run even south of Rowell's grey rock on the pali. Mr. Gay also did not chain the distance from his grey rock to the back line of Papa, although he was employed to survey Papa.

Both rocks are clearly visible from the plain below, the upper or Rowell rock being the more conspicuous of the two. Both rocks are also on the same line ranged from the plain between the two bluffs.

It is difficult to say from the evidence which of these rocks is the "gray stone" mentioned in the field notes. There is some evidence in support of either view. Under such circumstances the finding of fact of the trial justice cannot be set aside.

The exceptions are overruled.

*W. R. Castle* for plaintiffs.

*A. S. Hartwell* for defendant.